UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LEWIS MILKE,

                Plaintiff,

                                                    DECISION AND ORDER

                                                    07-CV-6135L

                v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

                Defendant.

---

Pending before the Court is a motion by plaintiff, a prevailing party in this action for Social Security benefits, for an order awarding attorneys fees pursuant to 42 U.S.C. §406(b)(1). (Dkt. #6). Pursuant to a contingent fee agreement with plaintiff, plaintiff's counsel, Mark M. McDonald, seeks fees in the amount of $17, 886.00, 25% of the past due benefits awarded to plaintiff.

By stipulation and order entered September 10, 2007 (Dkt. #5), this Court previously awarded McDonald attorney's fees under the Equal Access to Justice Act (EAJA), 28 USC §2412(d) in the amount of $454.14. McDonald acknowledges that if his instant application is granted in its entirety, the EAJA fee would be remitted to plaintiff, resulting in a net attorney fee of $17,431.86.

In assessing the reasonableness of the proposed fee, the Court considers the deference owed to the plaintiff's fee agreement, the interest in assuring future representation for disability claimants, and whether the requested award would result in a windfall. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002).

The Commissioner opposes the amount of the fee requested, arguing that enforcement of the plaintiff's contingent-fee agreement would amount to a windfall for McDonald, since he spent only 2.75 hours performing services in this case in federal court.

The amount of time expended by counsel is only one of several factors to be considered by the Court. As the Court has noted previously:

> Although there is no clear set of criteria for determining when an award would result in a windfall, . . . certain factors which should be considered . . . include (1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

*Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456-457 (W.D.N.Y. 2005).

Although McDonald's results (and the corresponding attorney fees sought) are disproportionate to the time expended – $71,544.00 in benefits secured in exchange for just 2.75 hours of effort at the federal level – I find that the requested fee is reasonable in light of the other relevant factors. *See Silliman v. Barnhart*, 421 F. Supp.2d 625 (W.D.N.Y. 2006); *Joslyn*, 389 F. Supp.2d 454. I have reviewed the time records submitted by McDonald, and observe that the tasks recorded therein concerning the federal case were performed with great efficiency. This is likely due, in significant part, to McDonald's extensive experience litigating Social Security matters, as well as the familiarity with this case gained through the expenditure of 43.7 hours of counsel time at the administrative level, spanning multiple hearings and a remand by the Social Security Administration, before a third and ultimately favorable decision was obtained. Again, the result of these efforts was an appreciable monetary award to plaintiff.

Furthermore, the net attorney fee received by McDonald with the granting of the instant application is $17,431.86 (the amount of attorneys fees requested, minus the previous EAJA award), slightly less than the twenty-five percent of past-due benefits to which McDonald is entitled pursuant to his contingency fee agreement with plaintiff. The Commissioner has withheld the requisite amount from plaintiff's past-due benefits, and plaintiff has filed an affidavit consenting to the fee. (Dkt. #6-1 at Exh. I).

CONCLUSION

Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b) (Dkt. #6) in the amount of $17,431.86 is granted. The award is to be made payable to plaintiff. Subject to the provisions of the Debt Collection Improvement Act and any other relevant provisions of federal and state law, plaintiff is directed to remit whatever attorney fees are owed to his attorney, Mark M. McDonald, pursuant to the provisions of the applicable fee agreement.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
August 24, 2012.